UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

PEGGY PARKER,　　　　　　　　　　　　　　Case No. 10-34607-dob
　　　　Debtor.　　　　　　　　　　　　　　　　Chapter 7 Proceeding
　　　　　　　　　　　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

OPINION REGARDING THE FIRST AND FINAL FEE APPLICATION
OF COLLENE K. CORCORAN, ATTORNEY FOR CHAPTER 7 TRUSTEE

Introduction

Collene K. Corcoran (the "Trustee") was appointed as the Chapter 7 Trustee in this reopened case and hired herself as an attorney. Before the Court is her First and Final Fee Application for Attorney Fees (the "Application") requesting $6,270.00 for attorney fees and $14.70 for expenses. Debtor, Peggy Parker, objects to a portion of these fees. For the reasons stated in this Opinion, the Court sustains in part and overrules in part Debtor's objections and awards fees in the amount of $4,200.00 and expenses in the amount of $14.70.

Findings of Fact

Debtor filed her voluntary petition under Chapter 7 of the Bankruptcy Code on August 24, 2010. Michael A. Mason was the Chapter 7 trustee who initially administered the case. The case was closed as a no asset case on December 8, 2010. On January 8, 2016, Debtor filed an ex parte motion to reopen the case to disclose a cause of action in a personal injury case for injuries that arose pre-petition and to exempt those assets. Collene K. Corcoran was appointed as the Chapter 7 Trustee and determined that she needed to hire an attorney. She hired herself to investigate and pursue the Debtor's personal injury claim.

1

The Trustee retained special counsel and reviewed the settlement documents. She prepared and filed an objection to Debtor's amended exemptions, and resolved that issue with Debtor's counsel. The Trustee also prepared the Motion to Compromise Claim after the settlement was approved, and obtained court approval for the compromise on October 26, 2017. The settlement award was $125,000.000 and after payment of the appropriate fees, costs, and expenses, the estate received $68,383.55. Debtor received her allowed exemption in the amount of $20,000, and the remaining funds will be distributed according to the priorities in the Bankruptcy Code. Debtor may be entitled to additional funds due to the possibility of a surplus estate.

The Trustee filed the Application on January 12, 2018, requesting $6,270.00 in attorney fees for 20.90 billable hours and $14.70 for expenses. Debtor filed a response to the Application on January 24, 2018. Debtor argued that the Application included charges for services generally performed by the Trustee without the assistance of an attorney and that some of the charges were in excess of reasonable expenditures of time. In addition, Debtor made the following specific objections on a line-item basis:

a. 1/18/16 for drafting of an Affidavit of Disinterestedness in the amount of $60.00 as such charge is not permissible pursuant to the U.S. Department of Justice, Executive Office for the United States Trustee, Handbook for Chapter 7 Trustee, October 1, 2012, p 4-22.
b. 1/27/16 for receipt and review of various documents in the amount of $450.00, representing 1.5 hours, as such charges are excessive for the services performed, and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.
c. 2/9/16 for drafting an objection and brief in the amount of $420.00, representing 1.4 hours, as such charges are excessive for the services performed, and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

2

d. 2/9/16 for reviewing amended Schedules filed by the Debtor in the amount of $150.00, representing 0.5 hours, as such charges are excessive for the services performed, and such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.
e. 2/9/16 for correspondence regarding special counsel in the amount of $60.00 and $60.00 on two entries as charges appear to be duplicates and in the event they are not, such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.
f. 2/10/16 for receipt and review of Debtor's response to Trustee's Objection in the amount of $120.00 as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.
g. 2/11/16 for receipt of a Notice of Hearing on Trustee's Objection in the amount of $30.00 as such charges are for services which are clerical in nature and for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.
h. 2/15/16 for receipt of correspondence regarding settlement of class action lawsuit in the amount of $60.00 as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.
i. 3/2/16 for drafting correspondence to one of Debtor's creditors regarding a potential claim in the amount of $60.00 as such correspondence was unnecessary given the Trustee's Notice of Assets (filed 2/9/16) and the Clerk's Notice to File Proof of Claim (issued 2/12/16) and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.
j. 3/7/16 for drafting Application to Employ Special Counsel as such charge is not permissible pursuant to the U.S. Department of Justice, Executive Office for the United States Trustee, Handbook for Chapter 7 Trustees, October 1, 2012, p 4-22.
k. 3/9/16 for attendance at a hearing on Trustee's Objection to Exemptions in the amount of $750.00, representing 2.5 hours, as such time is excessive given that the hearing was called after Trustee had begun preparing to leave the courtroom and was less than 2.0 minutes on the record, the time entry does not appear to have been prorated over all hearings Trustee/Counsel appeared at on that date, and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed or be reduced to at most 1.9 hours (0.9 for appearance and 1.0 maximum for travel), subject to proration across all matters Trustee/Counsel appeared on on [sic] that date.
l. 3/16/16 for correspondence from Debtor's counsel regarding settlement of Trustee's Objection to Exemptions in the amount of $60.00 as such charges

3

are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

m. 3/17/17 for drafting Stipulation and Order to resolve Trustee's Objections in the amount of $240.00, representing 0.8 hours, as such time is excessive for the services performed and should be limited, if even allowed, to 0.5 hours, and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

n. 5/3/16 for correspondence regarding status of class action suit in the amount of $60.00 as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

o. 5/4/16 for correspondence regarding status of class action suit in the amount of $60.00 as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

p. 10/13/16 for correspondence regarding the class action suit in the amount of $60.00 as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

q. 10/13/16 for receipt of documents regarding the class action suit in the amount of $240.00, representing 0.8 hours, as such time is excessive to the extent certain documents appear to have been previously received and reviewed on 1/27/16 and should be reduced, to the extent such charges are allowed, to 0.5 hours, and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

r. 1/19/17 for correspondence regarding case action suit in the amount of $60.00 as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

s. 3/7/17 for preparation for hearing on Trustee's Objection to Exemptions in the amount of $270.00, representing 0.9 hours, as no hearing on Trustee's Objections was scheduled for March 2017, and if such date has been entered in error as to the year, is excessive for the services performed and should be limited, if even allowed, to 0.5 hours, and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

t. 7/24/17 for receipt and review of settlement statement in the amount of $120.00, representing 0.4 hours, as excessive for the services performed and should be limited, if even allowed, to 0.2 hours, and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

u. 7/27/17 for drafting of motion to compromise and forwarding to special counsel for review in the amount of $360.00, representing 1.2 hours, as excessive and duplicative to the extent such drafting was subject to review and approval of another attorney and therefore appears to be supportive, if not

4

clerical, in nature, and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed and while Debtor objects to the entry and believes such charges should be disallowed, Debtor will waive her objection on this entry and only notes it for the record as to the totality of the circumstances.

v.  8/15/17 for receipt and review of closing statement in the amount of $120.00, representing 0.4 hours, as excessive for the services performed and should be limited, if even allowed, to 0.2 hours, and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

w.  9/6/17 for revising motion to compromise per request of special counsel in the amount of $300.00, representing an additional 1.0 hour, as excessive for the services performed and should be limited, if even allowed, to 0.5 hours, and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

x.  9/8/17 for receipt and review of confidential release and indemnity agreement in the amount of $210.00, representing 0.7 hours, as excessive for the services performed and should be reduced, and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

y.  9/19/17 for correspondence from Debtor's counsel regarding Trustee-filed mortgage claim in the amount of $60.00 as excessive and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

z.  9/25/17 for correspondence from Debtor's counsel regarding Order on Trustee's Objection to Exemptions in the amount of $60.00 as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

aa. 9/26/17 for receipt and review of Objection to (Trustee-filed) Claim in the amount of $90.00 as excessive for the services performed and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

bb. 10/17/17 for research regarding whether a claim is still valid after foreclosure in the amount of $300.00 as such services where not of a benefit to the Estate as Creditor is in the best position to assert a valid claim and to the extent deemed to be of a benefit to the Estate, and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

cc. 10/30/17 for receipt of the Order Sustaining Debtor's Objection to (Trustee-filed) Claim in the amount of $30.00 as such services are clerical in nature, and as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

dd. 10/31/17 for correspondence from Debtor's counsel regarding disbursement of proceeds in the amount of $60.00 as such charges are for duties generally

5

  performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.
- ee. 11/9/17 for correspondence from a 3rd party regarding finalization of settlement and request of funds in the amount of $60.00 as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.
- ff. 12/19/17 for correspondence from Debtor's counsel regarding case status in the amount of $60.00 as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.
- gg. 12/20/17 for correspondence regarding estate tax returns in the amount of $60.00 as such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.
- hh. 1/11/18 for preparation of the instant Application in the amount of $360.00, representing 1.2 hours, as such charges exceed 5% of the total allowed fees. (See In Re Bass, 227 BR 103 (Bankr ED Mich 1998) ; Coulter v State of Tenn, 805 F2d 146 (6th Cir 1986) Additionally, the charge is excessive to the extent that the services performed should not exceed 0.5 – 0.8 hours of time based on the Application as filed. The allowable amount should be reduced to 5% of the final fees awarded or further to insure the reasonableness of the award.
- ii. 1/11/18 for preparation of an Application for Compensation for Special Counsel in the amount of $360.00, representing 1.2 hours, as such charges are a) unreasonable as a whole to the extent that no Application has yet been filed and therefore the services cannot be verified, b) presuming the Application has been prepared, excessive for the services performed and should be reduced to a total of 0.4 – 0.6 hours maximum, depending on the substance of the pleading as Trustee/Counsel prepared a similar pleading on her own behalf on the same date, c) the Application is not subject to the "rule of 5%" as such pleading cannot be a true application for compensation but essentially a motion to approve payment under the terms of a pre-existing and approved class action retainer agreement, and d) such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.
- jj. 1/11/18 for correspondence requesting biographical information and expense information from a 3rd party in the amount of $30.00 as such charges are clerical in nature or such charges are for duties generally performed by a trustee without the assistance of an attorney for the estate and such charges should be disallowed.

The Court heard arguments of counsel regarding the Application on February 28, 2018, and took the matter under advisement.

Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

Applicable Law

The starting point for Court consideration of fee applications is 11 U.S.C. § 330 (a), which states that the Court may award "reasonable compensation for actual, necessary services rendered" as well as "reimbursement for actual necessary expenses." Section 330(a)(3) provides, in relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Under §330(a)(4), the Court is prohibited from allowing compensation for "(i) unnecessary duplication of services; or (ii) services that were not– (I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case."

The lodestar method is to be utilized in awarding fees under § 330. *Boddy v. U.S. Bankr. Court (In re Boddy)*, 950 F.2d 334, 337 (6th Cir. 1991). The lodestar method of fee calculation

7

involves "'multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended.'" *Id*. at 337 (quoting *Grant v. George Schumann Tire & Battery Co.*, 908 F.2d 874, 879 (11th Cir. 1990)). The *Boddy* court further held that:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

The professional requesting compensation has the burden of proof regarding the application for compensation. *In re Sharp*, 367 B.R. 582, 585 (Bankr. E.D. Mich. 2007) (citing *In re New Boston Coke Corp.*, 299 B.R. 432, 438 (Bankr. E.D. Mich. 2003)).

Analysis

The *Boddy* analysis first requires the Court to examine the hourly rate. The Debtor has not objected to the hourly rate of $300.00 in this case, and the Court finds that the rate charged by the attorney for the Trustee is reasonable under the circumstances.

Next, the Court will examine the time expended to determine whether the requested compensation is reasonable as allowed by *Boddy* pursuant to § 330. Pursuant to 11 U.S.C. § 328(b),

> the court may allow compensation for the trustee's services as such attorney or accountant only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.

The trustee's duties are set forth in 11 U.S.C. § 704 and include, in part, collecting and reducing to money the property of the estate, being accountable for all property received, investigating the

financial affairs of the debtor, examining proofs of claims and objecting to the allowance of any claim that is improper, and furnishing information concerning the estate as requested by any interested party.  The courts have held that there are also a number of "associative duties" that "spring" from the trustee's statutory duties, and those duties include:  "services relating to the sale of the debtor's assets, examination of the debtor's papers, routine telephone calls and correspondence with information seekers, preparing applications for employment of professionals, [and] acting as liaison with special counsel." *In re Peterson*, 566 B.R. 179, 189-90 (Bankr. M.D. Tenn. 2017) (citing *In re Stevens*, 407 B.R. 303, 307 (Bankr. N.D. Ill. 2009)).

The Court agrees with Debtor that many of the services the Trustee has requested compensation for here fall within the scope of the trustee's ordinary duties and are routinely performed by a Chapter 7 Trustee without the assistance of an attorney.  For this reason, the Court sustains Debtor's objections regarding the following requests:  b. 1/27/16 entry of 1.5 hours for receipt and review of various documents from special counsel in the amount of $450.00; e. two 2/9/16 entries of .2 hours each for correspondence regarding the special counsel to be employed in the total amount of $120.00; g. 2/11/16 entry of .1 hours for receipt of notice of hearing in the amount of $30.00; h. 2/15/16 entry of .2 hours for receipt of correspondence regarding settlement in the amount of $60.00; i. 3/2/16 entry of .2 hours for drafting correspondence to creditor regarding a potential claim in the amount of $60.00; j. 3/7/16 entry of .4 hours for preparing application to employ special counsel in the amount of $120.00; n. 5/3/16 entry of.2 hours for correspondence regarding case in the amount of $60.00; o. 5/4/16 entry of .2 hours for correspondence regarding settlement value of the case in the amount of $60.00; p. 10/13/16 entry of .2 hours for correspondence regarding case in the amount of $60.00; q. 10/13/16 entry of .8 hours for receipt of documents regarding the class action suit in the amount

of $240.00; r. 1/19/17 entry of .2 hours for correspondence regarding case in the amount of $60.00; t. 7/24/17 entry of .4 hours for receipt and review of settlement statement in the amount of $120.00; v. 8/15/17 entry of .4 hours for receipt and review of closing statement in the amount of $120.00; y. 9/19/17 entry of .2 hours for correspondence from Debtor's counsel in the amount of $60.00; cc. 10/30/17 entry of .1 hours for receipt of the order in the amount of $30.00; dd. 10/31/17 entry of .2 hours for correspondence with Debtor's counsel in the amount of $60.00; ee. 11/9/17 entry of .2 hours for correspondence regarding finalization of the settlement in the amount of $60.00; ff. 12/19/17 entry of .2 hours for correspondence from Debtor's counsel in the amount of $60.00; and gg. 12/20/17 entry of .2 hours for correspondence regarding estate tax returns in the amount of $60.00. The Court's decision to sustain these objections amounts to a reduction of 6.3 hours in time and $1,890.00 in fees.

With regard to the March 9, 2016, entry of 2.5 hours for the time spent attending a hearing on Trustee's Objection to the exemptions, the Court agrees with Debtor that the time requested is excessive, considering an actual hearing did not place that day. Instead, the case was called and the parties agreed, on the record, to adjourn the hearing date, because the parties were likely to file a stipulated order resolving the issue. The Court therefore sustains this objection in part and adjusts the 2.5 hours to 1.9 hours, which results in a reduction of $180.00 in fees.

The Debtor also objects to the Trustee's entries requesting compensation for the time spent drafting the affidavit of disinterestedness, drafting the objection and brief to the exemptions, reviewing the amended schedules, reviewing the response to the objection, corresponding with Debtor's attorney regarding the settlement of the objection to exemptions, drafting the stipulation and order, drafting and revising the motion to compromise, reviewing a

10

10-34607-dof    Doc 84    Filed 06/20/18    Entered 06/20/18 16:10:12    Page 10 of 12

release and indemnity agreement, corresponding with Debtor's attorney regarding the order resolving Trustee's objection, reviewing the objection to the claim filed by the Trustee, and researching whether the claim was still valid. The Court finds that these services relate to issues that require the skills of an attorney and are beyond the scope of the trustee's ordinary duties. *See, e.g.*, *In re Virissimo*, 354 B.R. 284, 299 (Bankr. D. Nev. 2006) (finding that objecting to the debtors' homestead exemption "required the special expertise of an attorney beyond that expected of an ordinary trustee" and therefore employing counsel was warranted). The Court therefore overrules Debtor's objections with regard to these requests and allows the fees for these entries.

Debtor objects to the Trustee's March 7, 2017, entry seeking compensation for .9 hours of time spent preparing for a hearing on Trustee's Objection to Exemptions in part due to the fact that a hearing was not scheduled in March of 2017. The Court notes that the hearing was scheduled to take place on March 9, 2016, and it appears that the Trustee simply made a mistake in the year. Indeed, there was no request for the time spent preparing for the hearing in March of 2016. The Court therefore overrules the Debtor's objection with regard to this entry and allows the $270.00 requested in fees.

With regard to the objection regarding preparation of the Application at issue here, the Debtor has cited to the cases of *In re Bass*, 227 B.R. 103, 109 (Bankr. E.D. Mich. 1998), and *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986), for the proposition that compensation for fee applications should not exceed 5% of the total allowed fees. The Sixth Circuit Court of Appeals, however, has abrogated that rule and instead adopted a reasonable attorney's fees for fee award rule. *Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 725 (6th Cir. 2016).

The Court finds that 1.2 hours was a reasonable amount of time expended to prepare the fee application and overrules the Debtor's objection to this entry.

Finally, with regard to the January 11, 2018, entries for time spent preparing the fee application for special counsel, the Court finds that this is a legal service for which the Trustee is entitled to compensation. *See, e.g.*, *In re First State Bancorporation*, No. 7-11-11916 JA, 2014 Bankr. LEXIS 1138, at *23-24 (Bankr. D.N.M. March 24, 2014) (finding that it was appropriate for the Chapter 7 Trustee's counsel to seek compensation for time spent preparing a fee application for the accountants in that case). The Court therefore overrules Debtor's objections with regard to these entries.

## Conclusion

In conclusion, the Court sustains the Debtor's objections in part and reduces the attorney fees requested by $2,070.00. The Court overrules the remaining objections of the Debtor and awards attorney fees in the amount of $4,200.00 and expenses in the amount of $14.70.

The Trustee is directed to prepare an order consistent with this Opinion and the entry of order procedures of this Court.

**Signed on June 20, 2018**



/s/ **Daniel S. Opperman**
**Daniel S. Opperman**
**United States Bankruptcy Judge**